UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MOMEN MAHMOUD MOUSSA HASSANEIN,

Plaintiff,

-against-

THE TOWNHOUSE; WHARTON GROUP LLC;
MIDTOWN EQUITIES LLC; TRILLION ASSET
MANAGEMENT CORP.,

Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-1725 (AMD) (ST)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 11 2017 ★

BROOKLYN OFFICE

ANN M. DONNELLY, District Judge:

On March 31, 2017, plaintiff Momen Mahmoud Moussa Hassanein filed this *pro se* action alleging purported violations under, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). The plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this order. For the reasons discussed below, the action is dismissed as frivolous.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, *pro se* complaints are held

to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). However, a district court has "the authority to pierce the veil of the complaint's factual allegations" when considering an *in forma pauperis* complaint, and "is not bound . . . to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation and internal quotations omitted). Thus, a court does not have to accept "as having an arguable basis in fact, all allegations that cannot be rebutted by judicially noticeable facts." *Id.*

## BACKGROUND

The most that can be gleaned from the plaintiff's complaint[1] is that he seems to have worked for six months as either a valet or doorman at a condominium located at 1862 East 2nd Street in Brooklyn, New York. (Compl. at 3.)[2] The rest of the complaint is essentially impenetrable and consists largely of vague or incomprehensible assertions. In short, his allegations are frivolous and present no cognizable claim. For example, the plaintiff states:

> [T]he previously filed lawsuit before gaining employment at 1862 E2nd St. may have had an influence or even sparked some forms of harassment suffered, but there are some independent patterns as well. The pro se plaintiff seeks to investigate a third party presence acting as a common factor in harassment challenged in this suit as well as the other suit previously filed by the plaintiff. Independent patterns of harassment include the psychological method of harassment meant to embed hidden meanings in mannerisms and conduct. This third party(ies) may be in violation of NYS Penal Code 120.45 for stalking and prompting

---

[1] On the same day the plaintiff filed this complaint, he filed another complaint, which was dismissed as frivolous on May 2, 2017. *See Hassanein v. City of New York et al.*, 17-CV-1918 (AMD) (ST). He also is the plaintiff in a pending employment discrimination action, also before the undersigned, against different defendants. *See Hassanein v. Gino's Italian Restaurant*, 16-CV-3365 (AMD) (ST).

[2] I refer to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

> psychological attacks through certain tenants and perhaps even
> fellow valet attendants.

(*Id.* at 4.) He also attaches a copy of the charge letter he allegedly mailed to the Equal Employment Opportunity Commission ("EEOC") on March 31, 2017, against "a series of employers," including the defendants named herein. (*Id.* at 7-12.) The charge letter, which is also almost impossible to understand, is further evidence that the instant action is frivolous. For example, the plaintiff states:

> Women who work at Payton's Gentleman's Club in Sunset Brooklyn are pipelined into employment in Bay Ridge. This may be part of Operation Nexus to have a set of 'eyes' and 'ears' in every business possible. A large share of these pipelined women are middle eastern as the community has a lot of middle eastern Muslims. Obviously stripping clothes off for tips affects the gender stereotype to be expected of women of middle-eastern descent. Furthermore these women are networked in order to stalk and intervene on socioeconomic gains of males of the same protected class, and possibly others, for purposes that include competition of the genders (could be subconscious due to the 'militant' nature of the modern feminist movement, a group called the 'Girl Scouts' is suspected) as well as intervention (consuming marijuana, calling escorts, buying loosies, harassment at work is punishment - no due process 5th and 14th Amendment violations).

(*Id.* at 9-10.) He continues:

> Other businesses and employers listed are accused of taking part in the pipeline including T-Mobile USA and JP Morgan and Chase Co. . . . Furthermore, both corporations are suspected of taking part in this 'pipeline' with the City of NY to place former stripper employees at their locations. These individuals have harassed me at T-Mobile USA while employed and at Chase after losing my job as a doorman in Lawsuit A and I was closing my bank account at my local branch. The woman there is a former coworker at Arirang Hibachi Steakhouse (Bay Ridge) and suspected of being a Payton's girl. If this is Nexus, then they should keep 'harassment' about terrorism, not suspected pot/loosie use.

*Id.* at 10. The plaintiff also requested that I forward his complaint to the Department of Justice; he noted that he would be "relocating temporarily" because he believes he is "being stalked too closely to function at the moment." *Id.*

## DISCUSSION

"A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 25; *Bussie v. IRS Commissioner*, Nos. 16-CV-7006 (MKB), 17-CV-157 (MKB), 2017 WL 395113, at *3 (Jan. 27, 2017); *Samuel v. Bloomberg*, No. 13 Civ. 6027, 2013 WL 5887545, at * 1 (E.D.N.Y. Oct. 31, 2013). Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action must be dismissed. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

Accordingly, the complaint filed *in forma pauperis* is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The plaintiff is warned that this Court will not tolerate frivolous litigation. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."). *See also Pandozy v. Tobey*, No. 07-4897-cv, 2009 WL 1674409, at *2 (2d Cir. June 16, 2009). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                  s/Ann M. Donnelly
                                       ANN M. DONNELLY
                                       United States District Judge

Dated: Brooklyn, New York
       May 11, 2017